**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CURTIS A. DUKES,<br><br>          Plaintiff,<br><br>   v.<br><br>NEW JERSEY TRANSIT, and VICKEY FRASER,<br><br>          Defendants. | Civil Action No.: 16-08947<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Defendant Vickey Fraser's ("Defendant" or "Fraser") motion to dismiss (ECF No. 73) Plaintiff Curtis A. Dukes's ("Plaintiff" or "Dukes") Second Amended Complaint and Jury Demand ("Second Amended Complaint," ECF No. 20). Plaintiff opposes Defendant's motion. ECF Nos. 78, 85. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is **GRANTED**.

**I.   BACKGROUND**

    **A.  Factual Background**

In this employment discrimination action, Plaintiff, who is proceeding *pro se*, alleges that Defendants Fraser and New Jersey Transit ("NJT," or, together with Fraser, "Defendants") improperly rescinded his offer of employment as a result of inaccurate information reported on a background check and for discriminatory and retaliatory reasons. *See* Second Amended Complaint ¶¶ 30-52.

1

Plaintiff is an African-American male who applied for a "drivers' instructor" position at NJT. *Id.* ¶¶ 1, 8-9. Defendant Fraser is a current or former supervisory employee of NJT. *Id.* ¶ 3. According to the Complaint, on August 20, 2014, Fraser conditionally offered Plaintiff the drivers' instructor position, which Plaintiff accepted. *Id.* ¶ 14. On October 10, 2014, Plaintiff received a letter from NJT informing him "that a preliminary decision was made to rescind his job offer based on information contained in his background report." *Id.* ¶ 18. The letter further advised Plaintiff that he had a right to dispute the accuracy of the report. *Id.* Plaintiff alleges that the background report was inaccurate because it included "an arrest that was false/did not apply to plaintiff" and an expunged conviction. *Id.* ¶ 19. On October 20, 2014, Plaintiff both mailed and hand-delivered his dispute of the report. *Id.* ¶ 20. Thereafter, Plaintiff spoke with Nick Brach from the background check company, who confirmed to Plaintiff that the report had been corrected, and that he had advised Fraser of the corrections. *Id.* ¶ 22. Plaintiff also provided NJT with additional documentation at Fraser's request. *Id.* ¶¶ 23-25. On December 26, 2014, Plaintiff received a letter from Fraser stating that after a review of Plaintiff's documents, NJT would be withdrawing its offer of employment. *Id.* ¶ 29.

### B. Procedural Background

Plaintiff filed suit against NJT and Fraser on December 1, 2016. ECF No. 1. On January 19, 2017, NJT moved to dismiss certain claims, which Plaintiff opposed. ECF Nos. 6, 14. By Opinion and Order dated March 19, 2018, the Court granted NJT's motion to dismiss and permitted Plaintiff to file an amended complaint. ECF Nos. 17-18. In its Opinion, the Court expressly noted that "Plaintiff offers no evidence that Fraser has been properly served in this action, and the Court shall therefore not address any of these claims as made against her." ECF No. 17 at 2 n.3. Plaintiff filed the Second Amended Complaint on April 23, 2018, alleging: (1) race discrimination in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) retaliation in violation of Title VII; and (3) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681a *et seq.* ("FRCA"). ECF No. 20. Thereafter, Plaintiff withdrew his FRCA claim, and Fraser filed a waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(3). ECF Nos. 43, 70-1. On January 13, 2020, Fraser filed a motion to dismiss, which Plaintiff opposed. ECF Nos. 73, 78, 85.

## II.  **LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated .... Second, a District Court must then determine whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.' " *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).

### III. DISCUSSION

Defendant Fraser argues that Plaintiff's Title VII claims against her should be dismissed because Title VII does not provide for individual liability. ECF No. 73 at 3. The Court agrees.

Title VII makes it unlawful for an "employer" to "fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . ." 42 U.S.C. § 2000e-2(a)(1). An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . ." 42 U.S.C. § 2000e(b). "Third Circuit jurisprudence is clear that Title VII does not subject individual supervisory employees to liability." *Simon v. Shore Cab, LLC*, No. 13-6290, 2014 WL 2777103, at *5 (D.N.J. June 19, 2014) (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996); *Newsome v. Admin. Off. of the Cts. of the State of N.J.*, 51 F. App'x 76, 79 n.1 (3d Cir. 2002); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)). Furthermore, courts in this District routinely dismiss Title VII claims brought against individuals in their official capacities because "Title VII provides for liability against employers, *not supervisors*. Naming a supervisor as a defendant in his official capacity is redundant especially when ... the employer is also named as a Defendant." *Id.* at *5 (quoting *Stallone v. Camden Cnty. Tech. Sch. Bd. of Educ.*, No. 12-7356, 2013 WL 5178728, at *1, *6–7 (D.N.J. Sept. 13, 2013)) (emphasis in original). Here, Plaintiff's claims must be dismissed against Defendant Fraser because she cannot be held individually liable under Title VII.

Plaintiff's arguments in opposition are unavailing. Plaintiff contends that Fraser's motion must be denied because the Court's March 19, 2018 Opinion dismissed certain claims without prejudice and that this issue has been previously litigated. *See* ECF No. 78 at 2, 6; ECF No. 85 at 2, 6. As the Court's March 19, 2018 Opinion makes clear, however, the Court did not address Plaintiff's claims against Fraser because Fraser had not been properly served at the time. ECF No. 17 at 2 n.3. Thus, the Court's prior Opinion on NJT's motion to dismiss has no bearing on its analysis of Fraser's motion to dismiss. Plaintiff also relies on cases brought under 42 U.S.C. § 1983 as a basis for imposing individual liability against Fraser. *See* ECF No. 78 at 9-11; ECF No. 85 at 9-11. This argument is unpersuasive because the Complaint does not assert any claims under § 1983. Finally, Plaintiff asserts that Fraser's motion should be denied because he has exhausted his administrative remedies and his claims are timely. *See* ECF No. 78 at 12-14; ECF No. 85 at 12-14. Even assuming that Plaintiff exhausted his administrative remedies and timely filed his claims, no action may lie against Fraser in her individual capacity because Title VII does not recognize individual liability. *Simon*, 2014 WL 2777103, at *5. Therefore, Plaintiff's Title VII claims against Fraser are dismissed with prejudice.[1]

IV. **CONCLUSION**

---

[1] To the extent Plaintiff argues that Fraser's motion should be denied as untimely because he served Fraser's paralegal on May 2, 2018, and the Office of the Attorney General filed a substitution of counsel letter on July 15, 2019, *see* ECF No. 78 at 3, 5; ECF No. 85 at 3, 5, the Court rejects that argument, as well. Plaintiff's service on Fraser's paralegal does not satisfy Federal Rule of Civil Procedure 4(e) or New Jersey Court Rule 4:4-4(a) because there is no indication that the paralegal was authorized to accept such service. *See* Fed. R. Civ. P. 4(e); N.J. Ct. R. 4:4-4(a). Furthermore, the Office of the Attorney General explained on November 15, 2019 that it did not represent Fraser at the time the substitution was filed. ECF No. 70. In any event, on November 20, 2019, the Hon. Mark Falk, Chief U.S.M.J., denied as moot Plaintiff's motion for default against Fraser because she had filed a waiver of service, and acknowledged that Fraser would answer, move, or otherwise respond to the Second Amended Complaint no later than January 14, 2020. ECF No. 72. As Plaintiff has not demonstrated that Fraser was served before filing a waiver, the Court finds that Fraser's motion filed on January 13, 2020 is timely.

For the reasons sets forth above, Defendant Fraser's motion is **GRANTED**. An appropriate Order follows.

DATED:  August 24, 2020

_____
**CLAIRE C. CECCHI, U.S.D.J.**

6